JUSTICE RICE,
concurring.
¶16 I concur in the decision to reverse, but under a different rationale.
¶17 I believe that § 45-9-107, MCA, is ambiguous. The pertinent statutory language provides that a person commits the offense of criminal possession of precursors to dangerous drugs ‘if... the person possesses any material, compound, mixture, or preparation that contains any combination” of the list of precursor chemicals with intent to manufacture dangerous drugs. Section 45-9-107(l)(a), MCA. As the Court notes, the word “combination” typically refers to two or more items joined together. Opinion, ¶ 12. Yet, the terms “any material” or “compound” could indicate that possession of just one of the listed *195 substances would be sufficient to incur criminal liability, particularly because it is not clear whether the term “combination” applies to “material” and “compound,” or just to “preparation.” In the latter case, possession of a “preparation that contains any combination” would be a separate offense from possession of a “compound.” Further, as the State argues: ‘Interpreting the term ‘combination,’ as used in the statute, to require possession of ‘two or more’ of the specified precursorsJl)(a)(i) through (xiv)-adds unnecessary and unintended terms to the offense. The legislature has already specifically indicated its intent to criminalize the possession of certain combinations of chemicals as precursors-moting those chemicals that would not constitute precursors, except in combination with other chemicals.” See § 45-9-107(l)(a)(xiii) and (xiv), MCA (“iodine in conjunction with ephedrine, pseudoephedrine, or red phosphorus” and “lithium in conjunction with anhydrous ammonia”). Concluding that the statutory language is ambiguous, I would look to legislative history. See In re K.M.G., 2010 MT 81, ¶ 26, 356 Mont. 91, 229 P.3d 1227 (citations omitted) (“When the intent of the legislature cannot be determined from the plain language of the statute, we examine the statute’s legislative history to determine its correct interpretation.’).
¶18 The language in question, “possesses any material, compound, mixture, or preparation that contains any combination” and most of the listed precursors, were added to the statute by Senate Bill 6 in 1999. Laws of Montana, 1999, ch. 24, § 1, at 82-83. Mike Batista, Administrator of the Division of Criminal Investigation of the Department of Justice, testified in support of the bill before both the House and Senate Judiciary Committees. In the House Committee hearing, Batista testified that ‘the key” to the bill is that the chemicals have to be used together and there has to be intent to manufacture dangerous drugs. Mont. H. Comm, on Jud., Hearing on Sen. Bill 6, 56th Legis., Reg. Sess. (Jan. 19,1999). In response to a question about whether retailers or pharmacists would need to register these chemicals or whether prescriptions would be needed, Mr. Batista responded, ‘The short answer is no. Most of the chemicals you see before you [on the list], with few exceptions, are not controlled. Those chemicals have to be used in conjunction with one another. And the key point here is to establish the intent to manufacture.” Mont. H. Comm, on Jud., Hearing on Sen. Bill 6 (Jan. 19, 1999). Further, in response to a question about whether there is a presumption that possession of some or all of these chemicals would constitute intent to manufacture dangerous drugs, Mr. Batista offered this explanation: ‘This is a two-tier bill. Most of the chemicals you see [on the list]-if you *196 have them, if you possess them by themselves-it’s not against the law. There’s not a law against possession of those individually. It’s two-tier, you have to have them in conjunction with other chemicals used to manufacture meth, which those are, and you have to have intent.” Mont. H. Comm, on Jud., Hearing on Sen. Bill 6 (Jan. 19, 1999) (emphases added).
¶19 I believe this legislative history resolves the ambiguity in the statutory language and demonstrates that possession of two or more of the listed precursor chemicals was intended to be necessary, along with the intent to manufacture dangerous drugs, in order to be held criminally liable.
¶20 I concur.
JUSTICE NELSON and JUSTICE WHEAT join the concurring opinion of JUSTICE RICE.